UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

___

ROBERT D. SANGO,

        Plaintiff,                        Case No. 1:15-cv-232

v.                                              Honorable Gordon J. Quist

UNKNOWN JOINER et al.,

        Defendants.
_____/

**OPINION DENYING LEAVE
TO PROCEED *IN FORMA PAUPERIS* - THREE STRIKES**

Plaintiff Robert D. Sango, a prisoner incarcerated at Ionia Correctional Facility (ICF), filed a complaint pursuant to 42 U.S.C. § 1983. Plaintiff seeks leave to proceed *in forma pauperis*. Because Plaintiff has filed at least three lawsuits that were dismissed as frivolous, malicious or for failure to state a claim, he is barred from proceeding *in forma pauperis* under 28 U.S.C. § 1915(g). The Court will order Plaintiff to pay the $400.00 civil action filing fee applicable to those not permitted to proceed *in forma pauperis* within twenty-eight (28) days of this opinion and accompanying order. If Plaintiff fails to do so, the Court will order that his action be dismissed without prejudice. Even if the case is dismissed, Plaintiff will be responsible for payment of the $400.00 filing fee in accordance with *In re Alea*, 286 F.3d 378, 380-81 (6th Cir. 2002).

**Discussion**

The Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996), which was enacted on April 26, 1996, amended the procedural rules governing a prisoner's request for the privilege of proceeding *in forma pauperis*. As the Sixth Circuit has stated, the PLRA was "aimed at the skyrocketing numbers of claims filed by prisoners – many of which are

meritless – and the corresponding burden those filings have placed on the federal courts." *Hampton v. Hobbs*, 106 F.3d 1281, 1286 (6th Cir. 1997). For that reason, Congress put into place economic incentives to prompt a prisoner to "stop and think" before filing a complaint. *Id.* For example, a prisoner is liable for the civil action filing fee, and if the prisoner qualifies to proceed *in forma pauperis*, the prisoner may pay the fee through partial payments as outlined in 28 U.S.C. § 1915(b). The constitutionality of the fee requirements of the PLRA has been upheld by the Sixth Circuit. *Id.* at 1288.

In addition, another provision reinforces the "stop and think" aspect of the PLRA by preventing a prisoner from proceeding *in forma pauperis* when the prisoner repeatedly files meritless lawsuits. Known as the "three-strikes" rule, the provision states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under [the section governing proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The statutory restriction "[i]n no event," found in § 1915(g), is express and unequivocal. The statute does allow an exception for a prisoner who is "under imminent danger of serious physical injury." The Sixth Circuit has upheld the constitutionality of the "three-strikes" rule against arguments that it violates equal protection, the right of access to the courts, and due process, and that it constitutes a bill of attainder and is *ex post facto* legislation. *Wilson v. Yaklich*, 148 F.3d 596, 604-06 (6th Cir. 1998); *accord Pointer v. Wilkinson*, 502 F.3d 369, 377 (6th Cir. 2007) (citing *Wilson*, 148 F.3d at 604-06); *Rodriguez v. Cook*, 169 F.3d 1176, 1178-82 (9th Cir. 1999); *Rivera v. Allin*, 144 F.3d 719, 723-26 (11th Cir. 1998); *Carson v. Johnson*, 112 F.3d 818, 821-22 (5th Cir. 1997).

Plaintiff has been an active litigant in the federal courts in Michigan. In more than three of Plaintiff's lawsuits, the Court entered dismissals on the grounds that they were frivolous or failed to state a claim. *See Sango v. Lewis et al.*, No. 1:14-cv-342 (W.D. Mich. July 18, 2014); *Sango v. Huss*, No. 1:14-cv-2 (W.D. Mich. June 12, 2014); *Sango v. Hammond et al.*, No. 1:14-cv-283 (W.D. Mich. May 6, 2014); *Sango v. Novak*, No. 1:14-cv-343 (W.D. Mich. Apr. 23, 2014). In addition, Plaintiff repeatedly has been denied leave to proceed *in forma pauperis* in this Court because he has three strikes. *See Sango v. Watkins*, No. 1:15-cv-221 (W.D. Mich. Mar. 12, 2015); *Sango v. Eryer et al.*, No. 1:15-cv-71 (W.D. Mich. Feb. 12, 2015); *Sango v. Nevins et al.*, No. 1:15-cv-179 (W.D. Mich. Mar. 3, 2015); *Sango v. Michigan State Office of Administrative Hearings & Rules et al.*, No. 1:14-cv-1272 (W.D. Mich. Jan. 13, 2015); *Sango v. Curtis et al.*, No. 1:14-cv-823 (W.D. Mich. Aug. 14, 2014); *Sango v. Wakley et al.*, 1:14-cv-703 (W.D. Mich. July 8, 2014).

Moreover, Plaintiff's allegations do not fall within the exception to the three-strikes rule for a prisoner under imminent danger of serious physical injury. The Sixth Circuit set forth the following general requirements for a claim of imminent danger:

> In order to allege sufficiently imminent danger, we have held that "the threat or prison condition must be real and proximate and the danger of serious physical injury must exist at the time the complaint is filed." *Rittner v. Kinder*, 290 F. App'x 796, 797 (6th Cir. 2008) (internal quotation marks omitted). "Thus a prisoner's assertion that he or she faced danger in the past is insufficient to invoke the exception." *Id*. at 797–98; *see also* [*Taylor v. First Med. Mgmt.*, 508 F. App'x 488, 492 (6th Cir. 2012)] ("Allegations of past dangers are insufficient to invoke the exception."); *Percival v. Gerth*, 443 F. App'x 944, 946 (6th Cir. 2011) ("Assertions of past danger will not satisfy the 'imminent danger' exception."); *cf*. [*Pointer v. Wilkinson*, 502 F.3d 369, 371 n.1 (6th Cir. 2007)] (implying that past danger is insufficient for the imminent-danger exception).
>
> In addition to a temporal requirement, we have explained that the allegations must be sufficient to allow a court to draw reasonable inferences that the danger exists. To that end, "district courts may deny a prisoner leave to proceed pursuant to § 1915(g) when the prisoner's claims of imminent danger are conclusory or ridiculous, or are clearly baseless (i.e. are fantastic or delusional and rise to the level of irrational or wholly incredible)." *Rittner*, 290 F. App'x at 798 (internal quotation marks and citations omitted); *see also Taylor*, 508 F. App'x at 492 ("Allegations that

are conclusory, ridiculous, or clearly baseless are also insufficient for purposes of the imminent-danger exception.").

*Vandiver v. Prison Health Services, Inc.*, 727 F.3d 580, 585 (6th Cir. 2013). A prisoner's claim of imminent danger is subject to the same notice pleading requirement as applied to prisoner complaints. *Id*. Consequently, a prisoner must allege facts in the complaint from which court could reasonably conclude that the prisoner was under an existing danger at the time he filed his complaint, but the prisoner need not affirmatively prove those allegations. *Id.*

Defendants are correctional officers at ICF: Resident Unit Manager (RUM) (Unknown) Smith, Officer (Unknown) Scott, and Officer (Unknown) Joiner. Plaintiff alleges that he filed a grievance and civil rights suit against another officer for sexual assault. Subsequently, Defendant Joiner came to Plaintiff's cell and began to "mock" Plaintiff, saying, "[Y]ou let a man tell you to back up to the cage and he ram his finger in your ass, not once but twice, I knew someone had fucked you before. You backed it up for a real one . . . ." (Compl., docket #1, Page ID#2.) Joiner then went downstairs and told all the inmates "on base" that Plaintiff let another officer stick a finger in Plaintiff's "ass." (*Id.*)

On another occasion, when Officer Joiner was delivering Plaintiff's meal tray, he pushed it through the slot so that it fell onto the floor before Plaintiff could grab it. Plaintiff asked for another tray, but Joiner told him to file a grievance about it. Joiner then shut the window cover to Plaintiff's door and did not open it for the rest of the evening. Officer Scott was present when Joiner gave Plaintiff his food tray. Plaintiff asked Officer Scott about his meal tray because there was food missing. In response, Scott and Joiner laughed.

A week earlier, Plaintiff allegedly attempted to resolve his complaint regarding the sexual assault with RUM Smith, while Smith was processing legal mail. Plaintiff told Smith about a policy that sexual assault investigations should remain confidential. In response, Smith told

- 4 -

Plaintiff that the envelopes containing his letters to the court should not have been sealed, because Smith needed to check and see if there is "powder etc." in them. (*Id.*) Smith made Plaintiff rip open the envelopes before sending out the mail. After Plaintiff did so, Smith did not bother to check the envelopes, and did not address Plaintiff's complaint about the sexual assault.

Based on the foregoing, Plaintiff contends that Defendants are conspiring to violate his civil rights and are retaliating against him for engaging in protected conduct.

In a motion filed shortly after the complaint (docket #2), Plaintiff has requested a temporary restraining order against Defendant Smith. In the motion, Plaintiff asserts that Defendant Smith is engaged in a "campaign of retaliation" against Plaintiff. (Mot. for TRO, docket #2, Page ID#6.) Plaintiff contends that Smith charged him with a misconduct. In the misconduct report, Smith asserted that Plaintiff said to him, "'If I can't get my hands on all of you I am going to sue every one of you just to harass you all.'" (*Id.*)

Plaintiff's allegations do not satisfy the imminent-danger exception in § 1915(g). First, Joiner's verbal harassment did not present a risk of physical harm to Plaintiff. Indeed, a prison official's use of harassing or degrading language, although unprofessional and deplorable, does not even state a constitutional claim. *See Ivey v. Wilson*, 832 F.2d 950, 954-55 (6th Cir. 1987); *see also Johnson v. Dellatifa*, 357 F.3d 539, 546 (6th Cir. 2004) (harassment and verbal abuse do not constitute the type of infliction of pain that the Eighth Amendment prohibits).

In addition, there are no allegations from which to infer that the deprivation of part of a meal by Officers Joiner and Scott, and having a window cover closed for one evening, subjected Plaintiff to a risk of physical harm. Indeed, the denial of a single meal does not even rise to the level of an Eighth Amendment violation. *See Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001) (holding that temporary inconveniences do not rise to the level of an Eighth Amendment injury); *see also J.P. v. Taft*, 439 F. Supp. 2d 793, 811 (S.D. Ohio 2006) ("[M]inor inconveniences

resulting from the difficulties in administering a large detention facility do not give rise to a constitutional claim." (internal citation omitted)).

Finally, RUM Smith's conduct (requiring Plaintiff to open his legal mail, and filing an allegedly retaliatory misconduct charge) did not pose a risk of physical injury to Plaintiff, let alone an imminent risk of serious physical injury. Consequently, § 1915(g) prohibits Plaintiff from proceeding *in forma pauperis* in this action. Plaintiff has twenty-eight (28) days from the date of entry of this order to pay the entire civil action filing fee, which is $400.00. When Plaintiff pays his filing fee, the Court will screen his complaint as required by 28 U.S.C. § 1915A and 42 U.S.C. § 1997e(c). If Plaintiff fails to pay the filing fee within the 28-day period, his case will be dismissed without prejudice, but he will continue to be responsible for payment of the $400.00 filing fee.

Dated: March 23, 2015                         /s/ Gordon J. Quist
                                                                 GORDON J. QUIST
                                                        UNITED STATES DISTRICT JUDGE

**SEND REMITTANCES TO THE FOLLOWING ADDRESS**:
Clerk, U.S. District Court
399 Federal Building
110 Michigan Street, NW
Grand Rapids, MI 49503

**All checks or other forms of payment shall be payable to "Clerk, U.S. District Court."**